IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KYLI RODRIGUEZ-CAYRO, <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> NARCISO RODRIGUEZ-CAYRO, <br><br> Defendant/Counterclaim Plaintiff/Third-Party Plaintiff, <br><br> v. <br><br> MARNIE LYNN ANTONIK, <br><br> Third-Party Defendant. | **ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE TRANSFERRED TO STATE COURT BECAUSE THIS COURT LACK S JURISDICTION** <br><br> Case No. 2:17-cv-01197-JNP <br><br> District Judge Jill N. Parrish |

The court "must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998). Upon review of the Notice of Removal and the appended documents filed in the state court proceedings, it appears that this court may not have removal jurisdiction over this lawsuit.

The Notice of Removal filed by defendant Narciso Rodriguez-Cayro does not appear to be timely. A defendant generally has "30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). But, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

In this case, the initial pleading in the state-court action was served on or around June 26, 2017. The initial Complaint alleged that the plaintiff Kyli Rodriguez-Cayro was residing in Utah and that the defendant Narciso Rodriguez-Cayro was residing in Pennsylvania. Narciso moved to dismiss the complaint for lack of personal jurisdiction and for a failure to state a claim. The state court denied the motion to dismiss, but granted Kyli leave to file an amended complaint, which she did on November 2, 2017. The Amended Complaint contained allegations regarding Narciso and Kyli's respective residences that are identical to the allegations made in the initial Complaint. On November 14, 2017, Narciso filed a Notice of Removal in this court based upon diversity jurisdiction. Narciso alleged that the notice was timely because it was filed within 30 days after he received the Amended Complaint.

The Notice of Removal was filed well beyond the 30-day period following service of the initial Complaint. Thus, the notice was timely only if the case stated by the initial Complaint is not removable and the Amended Complaint constituted an amended pleading "from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). The initial Complaint arguably did not state a removable case because it alleged the parties' residence rather than their domicile. *See Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) ("An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship."); *Whitelock v. Leatherman*, 460 F.2d 507, 514 n.14 (10th Cir. 1972) ("[A]n allegation that a party defendant is a resident of a state is not equivalent to an allegation of 'citizenship' and is 'insufficient to confer jurisdiction upon the District Court.'" (citation omitted)). But even if the initial Complaint did not state a case that was removable, it appears that the Amended Complaint did not constitute an amended pleading that would have notified Narciso for the first time that diversity jurisdiction

existed in the case. The residency allegations in the Amended Complaint are identical to the allegations found in the initial Complaint. Therefore, the Amended Complaint did not trigger a new 30-day period in which to file a notice of removal.

Accordingly, the defendant, Narciso Rodriguez-Cayro, is hereby ORDERED to show cause why this action should not be transferred to state court because the Notice of Removal was not timely filed. Furthermore, the defendant must allege his own domicile as well as the plaintiff's domicile at the time that the initial Complaint was filed. *See Siloam Springs Hotel*, 781 F.3d at 1238. The defendant must respond by January 5, 2018. A failure to respond will result in an order transferring the case back to state court.

Signed December 12, 2017.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge