MELINDA A. MORGAN [8392]
ANNE T. FREELAND [12096]
MICHAEL BEST & FRIEDRICH, LLP
6995 Union Park Center, Suite 100
Salt Lake City, UT 84047
Telephone:  (801) 833-0500
Facsimile:  (801) 931-2500
Email:  mamorgan@michaelbest.com
         atfreeland@michaelbest.com

*Attorneys for Defendant Narciso Alejandro Rodriguez-Cayro*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH – CENTRAL DIVISION**

| | |
|---|---|
| KYLI RODRIGUEZ-CAYRO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NARCISO ALEJANDRO RODRIGUEZ-CAYRO, an individual,<br><br>Defendant/Counterclaim-plaintiff/<br>Third-party plaintiff,<br><br>v.<br><br>MARNIE LYNN ANTONIK, an individual,<br><br>Third-party Defendant. | **DEFENDANT NARCISO A. RODRIGUEZ-CAYRO'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S FIRST, THIRD, SIXTH AND SEVENTH CAUSES OF ACTION**<br><br>Case No. 2:17-cv-01197-DBP<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Brooke C. Wells<br><br>*Oral Argument Requested* |

Defendant Narciso Alejandro Rodriguez-Cayro, by and through his undersigned counsel, hereby files this opposition to Plaintiff's Motion to Dismiss Defendant's First, Third, Sixth, and Seventh Causes of Action in his counterclaim.

## RELIEF SOUGHT AND GROUNDS THEREFORE

Defendant requests that Plaintiff's motion to dismiss be denied in its entirety. Plaintiff has not met her burden of showing that, accepting all factual allegations in the counterclaim as true, Defendant has not stated claims upon which relief can be granted. Plaintiff's request to dismiss the first and third causes of action should be denied as Defendant has alleged an ongoing pattern of defamation that continues through the present, thus defeating Plaintiff's statute of limitation argument. Plaintiff's request to dismiss Defendant's sixth cause of action (abuse of process) should be denied as Defendant has alleged multiple wilful and wrongful acts by Plaintiff outside of the legal proceedings, thus meeting the elements of an abuse of process claim. Plaintiff's request to dismiss the seventh cause of action (wrongful use of proceedings) should be denied as there is no requirement to show favorable termination of ex parte proceedings, and, even if a showing of favorable termination were required, the previous petition for restraining order was resolved in Defendant's favor.

Given the arguments raised by the parties, and the substantial impact that dismissing causes of action would have on Defendant, good cause exists to set this matter for oral argument under DUCivR 7-1(f).

## LEGAL STANDARD

Federal Rules of Civil Procedure require only that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. of Civ. P. 8(a)(2). When faced with a 12(b)(6) motion to dismiss, a court must "accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the

[defendant]"  *E.g., SEC v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014); *Canfield v. Douglas Cty.*, 619 F. App'x 774, 776 (10th Cir. 2015).

## ARGUMENT

### A. DEFENDANT'S CAUSES OF ACTION IN HIS COUNTERCLAIM ARE NOT TIME BARRED.

Plaintiff claims that the statute of limitation has passed on Defendant's counterclaims because two of the defamatory statements were made by Plaintiff more than one year before the counterclaim was filed.  This argument fails for multiple reasons.

First, those two instances were only provided as specific examples of defamation and to show the nature of the false statements allegations made by Plaintiff.[1]  Plaintiff's campaign of defamation is ongoing to this day, and those two instances were not the only factual allegations of defamation.  As stated in the counterclaim, "Counterclaim-defendant has *repeatedly* made false accusations of abuse against Counterclaim-plaintiff *both orally* and in writing to family, acquaintances, and authorities, and to the public at large *on social media, a blog, and other online platforms*."  See Counterclaim at ¶ 31.  Plaintiff's defamatory statements, including her social media posts and online articles, referenced in that paragraph are ongoing and have occurred on multiple occasions less than one year from the filing of the counterclaim.  Thus, Plaintiff cannot meet her burden to show that the counterclaim makes clear that the statute of limitations has passed.

---

[1] These allegations were also included to show additional willful acts by Plaintiff in support of Defendant's abuse of process claim.

Additionally, in libel cases, the one-year statute of limitations "does not begin to run until the libel is known or is reasonably discoverable by the plaintiff." *Allen v. Ortez*, 802 P.2d 1307, 1313-14 (Utah 1990). Therefore, even though Plaintiff made some of her defamatory statements over a year ago, they were not known or reasonably discoverable by Defendant until after Plaintiff filed her lawsuit, which prompted investigation by Defendant and lead to discovery of many of the articles written, and statements made, by Plaintiff.

Lastly, although Defendant maintains that the allegations in his counterclaim were sufficient to withstand a 12(b)(6) motion to dismiss, Defendant has filed an amended counterclaim (Docket No. 28), pursuant to Fed. R. Civ. P. 15(a)(1)(B). The amended counterclaim expands on the allegations contained in Paragraph 31 of the original counterclaim, to identify specific online publications, oral speaking engagements, and other instances of defamation by Plaintiff that occurred well within the one year statute of limitations. *See* Amended Counterclaim (Docket No. 28) at ¶¶ 31 to 42. For example, in November 2017, Plaintiff publically stated on a social media post that she "grew up in a household with an abusive father." *Id.* at ¶ 12. The post goes on to make further false statements including Defendant also abused Plaintiff's sister and brother. Also, as recently as December 12, 2017, Plaintiff sent an email to a judge in Pennsylvania containing false allegations of sexual abuse against Defendant. *See* Amended Counterclaim (Docket No. 28) at ¶ 42 Notably, Plaintiff wrote this email *after* she received Defendant's counterclaim and was well aware of Defendant's claims of defamation. Given that Plaintiff's defamation continues to present, the statute of

limitations provides no basis for dismissal, thus Plaintiff's motion to dismiss Defendant's first and third causes of action as time barred should be denied.

B.   **DEFENDANT HAS ADEQUATELY PLED AN ABUSE OF PROCESS CLAIM.**

As an initial matter, Plaintiff has essentially conceded that Defendant's counterclaim alleges sufficient facts to meet the first element (presence of an ulterior motive) for an abuse of process claim. Plaintiff does not move to dismiss on the basis, or make any argument that Defendant has not alleged adequate facts to show Plaintiff had an ulterior purpose or motive. As alleged in the counterclaim, Plaintiff's motives include punishing and hurting her father, and convincing others she has the personal history necessary to be an "advocate" for abuse victims that she currently proclaims herself to be. *See* Counterclaim at ¶ 42.

Plaintiff accurately set forth the law that "to state a claim for abuse of process, a party must allege both "an ulterior purpose" and "'a wilful act in the use of the process not proper in the regular conduct of the proceeding.'" *See Hatch v. Davis*, 2006 UT 44, ¶ 36, 147 P.3d 383, 389-90. However, Plaintiff is incorrect that Defendant's counterclaim "never points to a wilful act." To the contrary, Defendant's counterclaim alleges multiple wilful acts by Plaintiff, independent of both the protective order proceedings in Pennsylvania and the instant litigation, including the following:

   a) Counter-claim defendant threatened Counterclaim-plaintiff with public humiliation. Counterclaim at ¶ 32.

   b) Counterclaim-defendant sent a defamatory email to the law firm where Counterclaim-plaintiff is employed. The email contained false information and allegations, admonished the firm for employing Counterclaim-plaintiff, and was clearly intended to interfere with Counterclaim-plaintiff's job and career. Counterclaim at ¶ 33.

> c) "Counterclaim-defendant has repeatedly made false accusations of abuse against Counterclaim-plaintiff both orally and in writing to family, acquaintances, and authorities, and to the public at large on social media, a blog, and other online platforms." Counterclaim at ¶ 31.

The above allegations satisfy "wilful act" as they allege that Plaintiff "has confirmed through [her] conduct [her] improper ulterior motive for employing legal process against the [Defendant]." *See Hatch v. Davis*, 2006 UT 44, ¶ 40, 147 P.3d at 389-90. All of these actions by Plaintiff: threatening her father, sending defamatory emails to his work, and repeatedly defaming him to family, acquaintances, authorities, and to the public at large, are all wilful and wrongful acts "in the service of the 'ulterior purpose'" of punishing her father and building her reputation and resume as an abuse advocate, which "makes up the 'essence' of abuse of process." *See id.*

Additionally, this is not the typical abuse of process case, where a party uses a lawsuit (with at least a colorable claim) "***primarily*** to accomplish a purpose for which is it not designed." *See Hatch v. Davis*, 2006 UT 44, ¶ 34, 147 P.3d at 389-90. (emphasis added). Rather, this is case where the plaintiff's legal filings consist solely of heinous, unequivocally false accusations, and thus the legal process and is being used ***entirely*** to accomplish purposes for which it is not designed. Plaintiff filed both a false petition for protective order in Pennsylvania and then the instant complaint containing nothing but false defamatory statements, which are, in and of themselves wilful acts independent of one another and thus also satisfy the second element of the abuse of process claim.

Defendant maintains that counterclaim contains sufficient factual allegations to support Defendant's abuse of process claim and withstand a 12(b)(6) motion to dismiss. *See* Counterclaim at ¶¶31, 41, 44-47, 52-53, 57-59, 63-64, 76-77, and 81-82. However, as a precautionary measure, Defendant has filed an Amended Counterclaim (Docket No. 28), which provides additional detail as to the allegations regarding Plaintiff's repeated defamatory statements and wilful acts. This additional detail includes numerous wilful acts on the part of Plaintiff including making false statements to a judge, making false reports of abuse to the police department, and repeatedly publishing false statements both orally and in print, as set forth in Section A above. *See* Amended Counterclaim (Docket No. 28) at ¶¶ 28 through 42, and 90. Thus it is clear that Plaintiff is engaging in multiple wilful acts outside of the legal process in service of her ulterior purpose, and her motion to dismiss Defendant's abuse of process claim should be denied.

C. **DEFENDANT HAS PROPERLY STATED A CLAIM FOR WRONGFUL USE OF CIVIL PROCEEDINGS.**

Plaintiff moves to dismiss Defendant's claim for Wrongful Use of Civil Proceedings on the basis that defendant "is required to have the underlying action resolved on the merits in his or her favor prior to initiating a claim." *See* Mot. at 6 (quoting *Hatch v. Davis*, 2004 UT App 378). Plaintiff's argument fails for two reasons. First, an exception to the requirement that the underlying action be resolved on the merits applies to this case. Plaintiff failed to cite the full language of the claim for wrongful use of civil proceedings, which is:

> One who takes an active part in the initiation, continuation, or procurement of civil proceedings against another is subject to liability to the other for wrongful

>civil proceedings if (a) he [or she] acts without probable cause, and primarily for a purpose other than that of securing the proper adjudication of the claim in which the proceedings are based, and (b) *except when they are ex parte*, the proceedings have terminated in favor of the person against whom they are brought.

*Gilbert v. Paul R. Ince & Callister*, 1999 UT 65, ¶ 19, 981 P.2d 841, 845-46 (quoting Restatement (Second) of Torts § 675. 9) (emphasis added); *see also, e.g., Nielsen v. Spencer*, 2008 UT App 375, ¶¶ 12-13, 196 P.3d 616, 620-21 (quoting and applying same standard).  Thus, when the underlying proceedings on which a wrongful use of proceedings claim is based are ex parte, a showing that the proceedings have terminated in favor of the defendant is not required.  Here, as alleged in the counterclaim, Plaintiff "filed an Ex Parte Petition for Protection from Abuse" in Pennsylvania court, and an Ex Parte Temporary Protection Order was entered as a result.  *See* Counterclaim at ¶¶ 29-30.  Given that the underlying proceedings on which Defendant's wrongful use of proceedings claim is based were ex parte, there is no need to show that the proceedings terminated in favor of Defendant, and Plaintiff's motion to dismiss Defendant's seventh cause of action should be denied on that basis.

Moreover, even if the requirement of a favorable resolution of the underlying claim did apply here, it is met by the facts alleged in the counterclaim.  For purposes of a wrongful use of proceedings claim, "resolution on the merits in one party's favor can occur 'by (1) the favorable adjudication of the claim by a competent tribunal, or (2) *the withdrawal of the proceedings by the person bringing them*, or (3) the dismissal of the proceedings because of his failure to prosecute them.'"  *Puttuck v. Gendron*, 2008 UT App 362, ¶ 9, 199 P.3d 971, 975 (quoting Restatement (Second) Torts § 674 cmt. j (1977)).  Here, Plaintiff withdrew and abandoned her

Petition for Protection from Abuse, which meets the definition of resolution on the merits in Defendant's favor for purposes of a wrongful use of civil proceedings claim.[2]  Thus, Plaintiff's motion to dismiss Defendant's seventh cause of action also fails on this basis.

## CONCLUSION

As set forth above, Defendant's original counterclaim was more than sufficient to withstand Plaintiff's motion to dismiss on all identified causes of action.  Defendant has alleged an ongoing pattern of defamation that continues to the present, thus defeating Plaintiff's statute of limitations argument on the first and third causes of action.  Defendant has alleged multiple wilful and wrongful acts by Plaintiff outside of the legal proceedings, thus defeating Plaintiff's argument on Defendant's sixth cause of action.  Plaintiff's motion to dismiss the seventh cause of action fails as there is no requirement to show favorable termination of ex parte proceedings, and, even if a showing of favorable termination were required, the previous petition for restraining order was resolved in Defendant's favor (via Plaintiff's withdrawal).  Thus, accepting all factual allegations in the counterclaim and amended counter claim as true and viewing them in the light most favorable to Defendant, Plaintiff's motion to dismiss must be denied.

---

[2] The Restatement also goes on to state that, "[w]hether a withdrawal or abandonment constitutes a final termination of the case in favor of the person against whom the proceedings are brought . . . depends upon the circumstances under which the proceedings are withdrawn."  For example, "if a proceeding is withdrawn pursuant to an agreement of compromise, it does not qualify as a favorable termination for purposes of the tort of wrongful use of civil proceedings."  *Puttuck v. Gendron*, 2008 UT App 362, ¶ 9, 199 P.3d 971, 975 (quoting Restatement (Second) Torts § 674 cmt. j (1977)).  Here, there was no agreement to compromise or other inducement for Plaintiff to withdraw her Petition, thus her voluntary withdrawal and abandonment of the proceedings constituted a final termination of the case in favor of Defendant.

DATED this 22nd day of December 2017.

        MICHAEL BEST & FRIEDRICH, LLP

        /s/ Melinda A. Morgan
        *Attorneys for Defendant Narciso Alejandro Rodriguez-Cayro*

## CERTIFICATE OF SERVICE

THE UNDERSIGNED CERTIFIES that on this 22nd day of December, 2017, a true and correct copy of the foregoing was filed with the Court via CM/ECF and therefore served upon all counsel of record via ECF Notification.

        /s/  Kevin A. Richardson