MELINDA A. MORGAN [8392]
ANNE T. FREELAND [12096]
MICHAEL BEST & FRIEDRICH, LLP
6995 Union Park Center, Suite 100
Salt Lake City, UT 84047
Telephone: (801) 833-0500
Facsimile: (801) 931-2500
Email: mamorgan@michaelbest.com
       atfreeland@michaelbest.com

*Attorneys for Defendant Narciso Alejandro Rodriguez-Cayro*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH – CENTRAL DIVISION**

| | |
|---|---|
| KYLI RODRIGUEZ-CAYRO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NARCISO ALEJANDRO RODRIGUEZ-CAYRO, an individual,<br><br>Defendant/Counterclaim-plaintiff/<br>Third-party plaintiff,<br><br>v.<br><br>MARNIE LYNN ANTONIK, an individual,<br><br>Third-party Defendant. | **DEFENDANT**<br>**NARCISO A. RODRIGUEZ-CAYRO'S**<br>**OPPOSITION TO PLAINTIFF'S MOTION**<br>**TO DISMISS THE SIXTH AND SEVENTH**<br>**CAUSES OF ACTION IN DEFENDANT'S**<br>**AMENDED COUNTERCLAIM**<br><br>Case No. 2:17-cv-01197-DBP<br><br>Judge Jill N. Parrish<br>Magistrate Judge Brooke C. Wells<br><br>***Oral Argument Requested*** |

Defendant Narciso Alejandro Rodriguez-Cayro, by and through his undersigned counsel, hereby files this opposition to Plaintiff's Motion to Dismiss the Sixth and Seventh Causes of Action in Defendant's Amended Counterclaim (Docket 32).

## RELIEF SOUGHT AND GROUNDS THEREFORE

Defendant requests that Plaintiff's motion to dismiss be denied in its entirety. Plaintiff has not met her burden of showing that, accepting all factual allegations in the counterclaim as true, Defendant has not stated claims upon which relief can be granted. Plaintiff's request to dismiss Defendant's sixth cause of action (abuse of process) should be denied as Defendant has alleged multiple ulterior purposes and willful and wrongful acts by Plaintiff outside of the legal proceedings, thus meeting the elements of an abuse of process claim. Plaintiff's request to dismiss the seventh cause of action (wrongful use of proceedings) should be denied as there is no requirement to show favorable termination of ex parte proceedings, and, even if a showing of favorable were required, the previous petition for restraining order was resolved on the merits in Defendant's favor.

Given the arguments raised by the parties, and the substantial impact that dismissing causes of action would have on Defendant, good cause exists to set this matter for oral argument under DUCivR 7-1(f).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require only that a claim for relief contains "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. of Civ. P. 8(a)(2). When faced with a 12(b)(6) motion to dismiss, a court must "accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the [non-moving party]." *E.g., SEC v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014); *Canfield v. Douglas Cty.*, 619 F. App'x 774, 776 (10th Cir. 2015).

## ARGUMENT

A.  **DEFENDANT HAS ADEQUATELY PLED AN ABUSE OF PROCESS CLAIM.**

   **1.  Defendant Has Shown the Presence of an Ulterior Purpose or Motive**

Defendant's Amended Counterclaim contains more than sufficient facts to show that Plaintiff has an ulterior purpose or motive. Although Defendant's Amended Counterclaim clearly set forth multiple ulterior motives behind Plaintiff's actions, Plaintiff only addresses one: her desire for revenge. In addition to failing to recognize the other motives clearly set forth in the Amended Counterclaim, Plaintiff attempts to mischaracterize the one acknowledged as "revenge related to the years of sexual abuse committed by Defendant against her." Here Plaintiff is attempting to twist Defendant's arguments and add additional false facts, despite the clear requirement that decisions on Rule 12(b)(6) motions must be based on the facts alleged in the complaint (or in this case, the counterclaim). The Amended Counterclaim does not state that Plaintiff's desire for vengeance resulted from purported sexual abuse, indeed Defendant's allegations are quite the opposite, as Defendant vehemently denies that any such abuse occurred.

As stated in the Amended Counterclaim, Plaintiff's desire for vengeance comes from her anger over her parents' divorce and from being placed in residential treatment facilities by her parents. *See* Amended Counterclaim (Docket 31) at ¶¶ 16, 18 and 27, and 33. Particularly telling is the fact that Plaintiff has a history of making up false sexual abuse allegations in order to manipulate and punish her parents. *See* Amended Counterclaim (Docket 31) at ¶ 18. And, further showing that Plaintiff's actions are motivated by an improper desire for vengeance is the fact that she has repeatedly threatened to subject her father to public humiliation. *Id.* at ¶ 32.

Therefore, Defendant has alleged sufficient facts showing that one of Plaintiff's primary ulterior motives is vengeance against her father, based on her misguided perception that she was wronged by him when he agreed to place her in residential treatment and when he divorced her mother.

Even if this desire for vengeance is not considered a sufficient showing of an ulterior purpose, it is not the only ulterior purpose alleged in the counterclaim.  As stated in the Amended Counterclaim, Plaintiff's actions "appear to be motivated by a desire for vengeance against her father for divorcing her mother *and a desire to convince others she has the personal history necessary to be the outspoken "advocate" for abuse victims that she currently proclaims herself to be*." Amended Counterclaim at ¶ 53 (emphasis added); *see also* Amended Counterclaim at ¶¶ 88-89.  As set forth in the Amended Counterclaim, Defendant has published numerous articles and obtained speaking engagements by marketing herself as a "sexual abuse survivor." Amended Counterclaim at ¶¶ 34 to 41.  Thus, Plaintiff's ulterior motives in instigating this litigation also include "the desire to establish herself as a 'sexual abuse survivor' in order to further her career and personal goals as an 'advocate' for abuse victims." Amended Counterclaim at ¶ 89.

Most importantly, the fact that Plaintiff's complaint is **entirely based on false allegations** of abuse demonstrates that she is not using these legal proceedings for their intended purpose. Defendant repeatedly states that all allegations against him are false.  Amended Counterclaim at ¶ 46.  If this fact is taken as true, which it must be, then it demonstrates that Plaintiff has **no**

proper motive for bringing her action; thus, the element of improper motive is conclusively established.

### 2. Defendant Has Alleged Multiple Wilful Acts.

Plaintiff accurately sets forth the law that "to state a claim for abuse of process, a party must allege both "an ulterior purpose" and '"a wilful act in the use of the process not proper in the regular conduct of the proceeding.'" *See Hatch v. Davis*, 2006 UT 44, ¶ 36, 147 P.3d 383, 389-90.  However, Plaintiff is incorrect that Defendant's Amended Counterclaim fails to allege a wilful act.  To the contrary, Defendant's Amended Counterclaim alleges multiple wilful acts by Plaintiff, independent of both the protective order proceedings in Pennsylvania and the instant litigation, including the following:

   a) "Counterclaim-defendant . . . called the police to make false allegations [against Defendant]." Amended Counterclaim at ¶ 28

   b) "Counter-claim defendant threatened Counterclaim-plaintiff with public humiliation." Amended Counterclaim at ¶ 32.

   c) "Counterclaim-defendant sent a defamatory email to the law firm where Counterclaim-plaintiff is employed. The email contained false information and allegations, admonished the firm for employing Counterclaim-plaintiff, and was clearly intended to interfere with Counterclaim-plaintiff's job and career." Amended Counterclaim at ¶ 33.

   d) "Counterclaim-defendant has repeatedly made false accusations of abuse against Counterclaim-plaintiff both orally and in writing to family, acquaintances, and authorities, and to the public at large on social media, a blog, and other online platforms." Amended Counterclaim at ¶ 31.

   e) "Since at least 2016 and continuing to present, Counterclaim-defendant has written multiple articles and made multiple online posts publishing false and defamatory statements regarding Counterclaim-plaintiff." Amended Counterclaim at ¶ 34.

    f) "In or about June and July, 2017, Counterclaim-defendant spoke at healthcare rallies and told her 'personal story' as a 'survivor,' which included false allegations of abuse against Counterclaim-plaintiff." Amended Counterclaim at ¶ 39.

    g) "In November 2017, Counterclaim-defendant publically stated on social media that she 'grew up in a household with an abusive father.' This public media post went on to make [additional] false statements, including that Counterclaim-plaintiff also abused Counterclaim-defendant's sister and brother." Amended Counterclaim at ¶ 41.

    h) "Most recently, on December 12, 2017, Counterclaim-defendant wrote an email to a judge presiding over proceedings between Counterclaim-plaintiff and his ex-wife. In that email, Counterclaim-defendant stated 'Nick Rodriguez-Cayro, my father, sexually, physically, verbally, and mentally abused me by whole life.' In the email, Counterclaim-defendant also states: 'I also saw Nick physically and mentally abuse my mother, and physically, sexually, and mentally abuse my sister, Devon.' These statements are patently false, and Counterclaim-defendant is aware of the falsity and harmful nature of her statements." Amended Counterclaim at ¶ 42

The above statements demonstrate wilful acts on the part of Plaintiff. Thus it is clear that Plaintiff is engaging in multiple wilful acts outside of the legal process in service of her ulterior purpose.

The above allegations satisfy "wilful act" as they allege that Plaintiff "has confirmed through [her] conduct [her] improper ulterior motive for employing legal process against the [Defendant]." *See Hatch v. Davis*, 2006 UT 44, ¶ 40, 147 P.3d at 389-90. All of these actions by Plaintiff: making false statements to a judge, making false reports of abuse to the police department, making threats to her father, sending defamatory emails to his work, publishing false and defamatory statements both orally and in print and repeatedly defaming her father to family, acquaintances, authorities, and to the public at large, are wilful and wrongful acts "in the service of the 'ulterior purpose'" of punishing her father and building her reputation and resume as an abuse advocate, which "makes up the 'essence' of abuse of process." *See id.*

Moreover, this case is even more egregious than the typical abuse of process case, where a party uses a lawsuit with at least a colorable claim "***primarily*** to accomplish a purpose for which it is not designed." *See Hatch v. Davis*, 2006 UT 44, ¶ 34, 147 P.3d at 389-90 (emphasis added). In this case, the Plaintiff's legal filings consist solely of heinous, unequivocally false accusations, and thus the legal process is being used ***entirely*** to accomplish purposes for which it is not designed. Plaintiff filed both a false petition for protective order in Pennsylvania and then the instant complaint containing nothing but false defamatory statements, which are, in and of themselves, wilful acts independent of one another and thus also satisfy the second element of the abuse of process claim.

**B.      DEFENDANT HAS PROPERLY STATED A CLAIM FOR WRONGFUL USE OF CIVIL PROCEEDINGS.**

Plaintiff moves to dismiss Defendant's claim for Wrongful Use of Civil Proceedings on the basis that defendant "is required to have the underlying action resolved on the merits in his or her favor prior to initiating a claim." *See* Mot. at 5 (quoting *Hatch v. Davis*, 2004 UT App 378). Plaintiff's argument fails for two reasons. First, an exception to the requirement that the underlying action be resolved on the merits applies to this case. Plaintiff failed to cite the full language of the claim for wrongful use of civil proceedings, which is:

> One who takes an active part in the initiation, continuation, or procurement of civil proceedings against another is subject to liability to the other for wrongful civil proceedings if (a) he [or she] acts without probable cause, and primarily for a purpose other than that of securing the proper adjudication of the claim in which the proceedings are based, and (b) ***except when they are ex parte***, the proceedings have terminated in favor of the person against whom they are brought.

*Gilbert v. Paul R. Ince & Callister*, 1999 UT 65, ¶ 19, 981 P.2d 841, 845-46 (quoting Restatement (Second) of Torts § 675. 9) (emphasis added); *see also, e.g., Nielsen v. Spencer*, 2008 UT App 375, ¶¶ 12-13, 196 P.3d 616, 620-21 (quoting and applying same standard).  Thus, when the underlying proceedings on which a wrongful use of proceedings claim is based are ex parte, a showing that the proceedings have terminated in favor of the defendant is not required.  Here, as alleged in the counterclaim, Plaintiff "filed an Ex Parte Petition for Protection from Abuse" in Pennsylvania court, and an Ex Parte Temporary Protection Order was entered as a result.  *See* Amended Counterclaim at ¶¶ 29-30, and 96.  Given that the underlying proceedings on which Defendant's wrongful use of proceedings claim is based were ex parte, there is no need to show that the proceedings terminated in favor of Defendant, and Plaintiff's motion to dismiss Defendant's seventh cause of action should be denied on that basis.

  Moreover, even if the requirement of a favorable resolution of the underlying claim did apply here, it is met by the facts alleged in the counterclaim.  For purposes of a wrongful use of proceedings claim, "resolution *on the merits* in one party's favor can occur 'by (1) the favorable adjudication of the claim by a competent tribunal, or (2) *the withdrawal of the proceedings by the person bringing them*, or (3) the dismissal of the proceedings because of his failure to prosecute them.'"  *Puttuck v. Gendron*, 2008 UT App 362, ¶ 9, 199 P.3d 971, 975 (quoting Restatement (Second) Torts § 674 cmt. j (1977) (emphasis added)).  Here, Plaintiff withdrew and abandoned her Petition for Protection from Abuse, which meets the definition of resolution on the merits in Defendant's favor for purposes of a wrongful use of civil proceedings claim.  Thus, Plaintiff's motion to dismiss Defendant's seventh cause of action also fails on this basis.

## CONCLUSION

As set forth above, Defendant's Amended Counterclaim alleges more than sufficient facts to withstand Plaintiff's motion to dismiss.  Plaintiff's motion to dismiss the sixth cause of action fails as Defendant has sufficiently plead the existence of ulterior motives and multiple wilful and wrongful acts by Plaintiff outside of the legal proceedings.  Plaintiff's motion to dismiss the seventh cause of action fails as there is no requirement to show favorable termination of ex parte proceedings, and, even if a showing of favorable termination were required, the previous petition for restraining order was resolved on the merits in Defendant's favor by Plaintiff's withdrawal.  Thus, accepting all factual allegations in the Amended Counterclaim as true and viewing them in the light most favorable to Defendant, Plaintiff's motion to dismiss must be denied.

DATED this 30th day of January 2018.

MICHAEL BEST & FRIEDRICH, LLP

/s/ Melinda A. Morgan
*Attorneys for Defendant Narciso Alejandro Rodriguez-Cayro*

## CERTIFICATE OF SERVICE

THE UNDERSIGNED CERTIFIES that on this 30th day of January, 2018, a true and correct copy of the foregoing was filed with the Court via CM/ECF and therefore served upon all counsel of record via ECF Notification.

/s/  Kaylynn Powell