IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KYLI RODRIGUEZ-CAYRO,<br><br>     Plaintiff/Counterclaim Defendant,<br>v.<br><br>NARCISO ALEJANDRO RODRIGUEZ-CAYRO,<br><br>     Defendant/Counterclaim and<br>     Crossclaim Plaintiff,<br>v.<br><br>MARNIE LYNN ANTONIK,<br><br>     Third-party Defendant. | **MEMORADUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART COUNTERCLAIM DEFENDANT'S MOTION TO DISMISS AND DENYING AS MOOT THIRD-PARTY DEFENDANT'S MOTION TO DISMNISS**<br><br>Case No. 2:17-cv-01197-JNP-BCW<br><br>District Judge Jill N. Parrish |

Plaintiff Kyli Rodriguez-Cayro sued her father, Narciso Rodriguez-Cayro, alleging that he sexually abused her when she was a child. Narciso pleads two inconsistent defenses to Kyli's lawsuit. First, Narciso alleges that he never abused his daughter and countersues Kyli for what he contends to be false claims of abuse. The counterclaims include causes of action for defamation, abuse of process, and wrongful use of civil proceedings. Second, Narciso asserts that if he did sexually abuse Kyli as a child, his ex-wife, Marnie Antonik, knew about the abuse and negligently failed to report it to the authorities. Thus, in a third-party claim against Marnie, Narciso alleges that a jury should allocate fault between himself—for sexually abusing his daughter—and Marnie—for negligently failing to stop him.

Before the court are two motions to dismiss. Kyli moves to dismiss the counterclaims against her for abuse of process, and wrongful use of civil proceedings. The court GRANTS IN

PART AND DENIES IN PART Kyli's motion to dismiss. Marnie also moves to dismiss the third-party claim against her for apportionment. After oral argument on this motion, the parties stipulated to the dismissal of the third-party claim against Marnie. The court, therefore, DENIES AS MOOT Marnie's motion to dismiss.

## ANALYSIS

### I. KYLI'S MOTION TO DISMISS

Narciso alleges two causes of action against Kyli that are based upon the legal proceedings she has brought against him: (1) abuse of process and (2) wrongful use of civil proceedings. Kyli argues that both claims should be dismissed.

#### A. *Abuse of Process*

Narciso bases his abuse of process claim upon two separate legal proceedings: this Utah lawsuit and a petition for protection from abuse brought by Kyli in Pennsylvania state court. Specifically, he asserts:

> Given the falsity of Counterclaim-defendant's allegations, she is not using legal proceedings for their designed purpose, which is to provide relief and/or compensation to an actual victim in need of such relief.
>
> Instead, Counterclaim-defendant intentionally and maliciously filed the instant action, and her previous false Petition [for] Protection from Abuse in Pennsylvania, with the primary purpose of revenge against her Counterclaim-plaintiff by harming, harassing, and embarrassing him.

Kyli moves to dismiss the abuse of process claim, arguing that these allegations do not establish the elements of this cause of action. Because Narciso bases his claim in part on a Utah proceeding and in part upon a Pennsylvania proceeding, the court shall analyze this claim under both Utah law and Pennsylvania law

1) Utah Law

Under Utah law, "abuse of process applies to '[o]ne who uses a legal process . . . against another primarily to accomplish a purpose for which it is not designed.'" *Gilbert v. Ince*, 981 P.2d 841, 845 (Utah 1999) (alterations in the original) (quoting RESTATEMENT (SECOND) OF TORTS § 682 (1977)). "A claim for abuse of process requires the plaintiff to show (1) that the defendant used legal process, (2) to accomplish an improper purpose or purpose for which that process was not designed, (3) causing the plaintiff's harm." *Mountain W. Surgical Ctr., L.L.C. v. Hosp. Corp. of Utah*, 173 P.3d 1276, 1278 (Utah 2007). For example, where a party used a legal process to improperly seize a large number of turkeys before Thanksgiving for the primary purpose of forcing the other party to pay an unrelated debt, the party that used the improperly seized turkeys as a bargaining chip was liable for abuse of process. *Templeton Feed & Grain v. Ralston Purina Co.*, 446 P.2d 152, 154–56 (Cal. 1968) (cited with approval in *Hatch v. Davis*, 147 P.3d 383, 390 (Utah 2006)); *see also* RESTATEMENT (SECOND) OF TORTS § 682 cmt. b (1977) ("The usual case of abuse of process is one of some form of extortion, using the process to put pressure upon the other to compel him to pay a different debt or to take some other action or refrain from it.").

Kyli argues that Narciso's allegations that she initiated this Utah proceeding without probable cause and with the intent to harm him are not enough to show that she used a legal process for an improper purpose. The court agrees. Narciso has not alleged facts indicating that Kyli used this Utah proceedings primarily for a purpose for which it was not designed.

First, Narciso's assertion that Kyli falsely accused him of sexual abuse does not suffice to state a claim for abuse of process. Initiating a legal proceeding in bad faith—i.e., knowing that the relief requested is not merited—does not satisfy the improper purpose element of this cause of action:

3

> The gravamen of the misconduct [in an abuse of process claim] is not the wrongful procurement of legal process or the wrongful initiation of criminal or civil proceedings; it is the misuse of process, no matter how properly obtained, for any purpose other than that which it was designed to accomplish. Therefore, it is immaterial that the process was properly issued [or] that it was obtained in the course of proceedings that were brought with probable cause and for a proper purpose . . . .

RESTATEMENT (SECOND) OF TORTS § 682 cmt. a (1977).

Second, Narciso's allegation that Kyli initiated legal proceedings primarily to harm, harass, or embarrass him does not suffice to state a claim for abuse of process. As stated in Prosser and Keeton on Torts, "there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 121 (5th ed.1984). Many courts have cited this statement in Prosser with approval. 3 DAN B. DOBBS ET AL., THE LAW OF TORTS § 594 (2d ed. 2011); *see, e.g., Meyers v. Ideal Basic Indus., Inc.*, 940 F.2d 1379, 1382 (10th Cir. 1991) (applying Oklahoma law); *Tappen v. Ager*, 599 F.2d 376, 379–80 (10th Cir. 1979) (applying Kansas law); *Palmer v. Tandem Mgmt. Servs., Inc.*, 505 N.W.2d 813, 817 (Iowa 1993) ("[T]here is no abuse of process when the action is filed to intimidate and embarrass a defendant knowing there is no entitlement to recover the full amount of damages sought. Proof of an improper motive by the person filing the lawsuit for even a malicious purpose [is not sufficient].").

The Utah Court of Appeals has confirmed that a litigant does not abuse a legal process if he or she is motivated by the negative consequences suffered by an opponent, so long as the litigant only uses the process for its intended purpose. *Hatch v. Davis*, 102 P.3d 774, 782 (Utah Ct. App. 2004) ("[I]t was not enough for Defendant to allege that Plaintiff was motivated by bad intentions when he filed the lawsuits against him."). The Utah Supreme Court affirmed the holding of the court of appeals, reasoning that "process that is merely accompanied by spite, ill-will, or any of the other less agreeable human emotions that frequently attach themselves to court papers" is

insufficient to state a claim for abuse of process. *Hatch v. Davis*, 147 P.3d 383, 389–90 (Utah 2006); *accord* RESTATEMENT (SECOND) OF TORTS § 682, cmt. b (1977) ("[T]here is no action for abuse of process when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant."). Instead, a party must commit "a wilful act *in the use of the process* not proper in the regular conduct of the proceeding" to be held liable. *Hatch*, 147 P.3d at 389 (Utah 2006) (emphasis added) (citation omitted).

Narciso points to language in the Utah Supreme Court's *Hatch* opinion that arguably cuts against its statement that a legal process accompanied by spite or ill-will is not enough to make out an abuse of process claim. *Hatch* also states:

> To satisfy the "wilful act" requirement, a party must point to conduct independent of legal process itself that corroborates the alleged improper purpose. Use of legal process with a bad motive alone "does not defeat that right;" a corroborating act of a nature other than legal process is also necessary. *Young v. Motor City Apartments Ltd. Dividend Housing Ass'n*, 133 Mich.App. 671, 350 N.W.2d 790, 796 (1984). It is this corroborating act that permits true legal process to be branded "a perversion of the process."

*Id.* at 390 (citation omitted). Narciso argues that this language means that if a party can point to an act that corroborates an opposing party's bad motive in initiating a legal process, the willful act requirement has been satisfied.

The court disagrees with Narciso's reading of *Hatch*. First, the case that *Hatch* cites in support of its corroborating act language, *Young v. Motor City Apartments*, clarifies that a bad motive for filing a lawsuit is never enough to support an abuse of process claim:

> "It is not enough that the actor have an ulterior motive in using the process of the court. It must further appear that he did something in the use of the process outside of the purpose for which it was intended * * * Every one [sic] has a right to use the machinery of the law, and bad motive does not defeat that right. There must be a further act done outside the use of process—a perversion of the process. If he uses the process of the court for its proper purpose, though there is malice in his heart, there is no abuse of the process."

5

*Young v. Motor City Apartments Ltd. Dividend Housing Ass'n No. 1 & No. 2*, 350 N.W.2d 790, 795–96 (Mich. Ct. App. 1984) (citation omitted). This case confirms what *Hatch* explicitly states earlier in the opinion: the willful act must be "*in the use of the process* not proper in the regular conduct of the proceeding." *Hatch*, 147 P.3d at 389 (emphasis added). An act unrelated to the proceeding that merely suggests that a litigant harbors malice toward an opposing party is not enough.

Second, immediately after the language in *Hatch* that is cited by Narciso, the Utah Supreme Court confirms that the willful act must be the misuse of a legal process. *Hatch* goes on to list an example of an improper abuse of process claim and then an example of a proper abuse of process claim. First, *Hatch* cites a case where an abuse of process claim was dismissed "because the acts 'alleged as the irregular acts' were no more than 'the filing of a "groundless" suit.'" *Id.* at 390 (quoting *Early Detection Ctr., P.C., v. New York Life Ins. Co.*, 403 N.W.2d 830, 835 (Mich. Ct. App. 1986)). Next, the *Hatch* court cites a case holding that a litigant who initiated a legal proceeding to seize property and then used the seized property to extort an opposing party into paying an unrelated debt was liable for abuse of process. *Id.* (citing *Templeton Feed & Grain*, 446 P.2d at 154–56). In the former example, the litigant used the process only for its intended purpose, even though the suit itself was groundless. In the latter, the litigant took an extra step in using the process to achieve an impermissible end.

In short, there is no indication that the Utah Supreme Court intended to disavow the well-accepted rule pronounced by the Utah Court of Appeals, the Restatement (Second) of Torts, Prosser, and many other courts—that bad motives are not enough to sustain an abuse of process claim. Under Utah law, therefore, Narciso's allegations that Kyli initiated legal proceedings with the intent to harm, harass, and embarrass him are not enough. Absent an assertion that Kyli actively

used a legal process to accomplish an improper purpose, Narciso has failed to state a claim based upon this Utah litigation.

### 2) Pennsylvania Law

Pennsylvania law on abuse of process tracks Utah law. Quoting Prosser, Pennsylvania courts have repeatedly stated that an abuse of process claim requires "[s]ome definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process . . . [;] there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Freundlich & Littman, LLC v. Feierstein*, 157 A.3d 526, 531 (Pa. Super. Ct. 2017) (alterations in original) (quoting *Shaffer v. Stewart*, 473 A.2d 1017, 1019 (Pa. Super. Ct. 1984)); *accord Di Sante v. Russ Fin. Co.*, 380 A.2d 439, 441 (Pa. Super. Ct. 1977) (quoting Prosser). Therefore, Narciso's abuse of process claim fails under Pennsylvania law for the same reason that it fails under Utah law. Filing a claim with bad intentions is not enough to give rise to a claim for abuse of process.

### 3) Conclusion

Narciso has failed to state a claim for abuse of process under either Utah or Pennsylvania law. The court, therefore, dismisses this crossclaim.

### B. Wrongful Use of Civil Proceedings

Narciso also alleges that Kyli is liable for the tort of wrongful use of civil proceedings. He bases this claim upon this Utah legal proceeding and the petition for protection from abuse filed

in Pennsylvania state court. Kyli moves to dismiss this cause of action to the extent that it is based upon this Utah lawsuit.[1]

To prevail on a wrongful use of civil proceedings claim, a plaintiff must prove that the defendant initiated civil proceedings without probable cause and that "the proceedings have terminated in favor of the person against whom they are brought." *Gilbert v. Ince*, 981 P.2d 841, 845 (Utah 1999) (quoting RESTATEMENT (SECOND) OF TORTS § 674 (1977)). Apparently conceding that this Utah proceeding has not been resolved in his favor, Narciso makes no attempt to argue that this proceeding can support his wrongful use of civil proceedings claim. The court, therefore, dismisses the wrongful use of civil proceedings claim to the extent that it is based upon this Utah lawsuit. The portion of the wrongful use of civil proceedings claim that is based upon the Pennsylvania proceeding remains in this lawsuit.

## II. MARNIE'S MOTION TO DISMISS

In a third-party complaint, Narciso alleges two causes of action against his ex-wife, Marnie: (1) a claim for apportionment and (2) a claim entitled "Failure to Protect and/or Report." Both claims seek to apportion fault to Marnie for her alleged failure to prevent Narciso from sexually abusing their daughter Kyli while she was a minor. Marnie moved to dismiss both claims.

After oral argument, the parties stipulated to the dismissal of the third-party complaint against Marnie. Thus, this motion is now moot.

**CONCLUSION AND ORDER**

For the foregoing reasons the court ORDERS as follows:

---

[1] Kyli initially argued that the wrongful use of civil proceedings claim should also be dismissed to the extent that it was based upon the Pennsylvania proceeding. She withdrew this argument in a brief filed with the court after oral argument on her motion.

(1) The court GRANTS IN PART AND DENIES IN PART Kyli's motion to dismiss. [Docket 32]. The court dismisses Narciso's counterclaim for abuse of process. The court further dismisses Narciso's counterclaim for wrongful use of civil proceedings to the extent that it is based upon this Utah litigation. The portion of the wrongful use of civil proceedings claim that is based upon the Pennsylvania proceeding remains in this lawsuit.

(2) The court DENIES AS MOOT Marnie's motion to dismiss the third-party claims against her. [Docket 40].

DATED September 19, 2018.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge