IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KYLI RODRIGUEZ-CAYRO, <br><br> Plaintiff/Counterclaim-defendant <br><br> v. <br><br> NARCISO ALEJANDRO RODRIGUEZ-CAYRO, <br><br> Defendant/Counterclaim-plaintiff. | MEMORANDUM DECISION AND ORDER GRANTING IN PART DEFENDANT'S MOTION RE: NARROWING THE SCOPE OF THE SUBPOENAS <br><br> Case No. 2:17-cv-1197 JP <br><br> District Judge Jill Parrish <br><br> Magistrate Judge Brooke Wells |

This matter is referred to the undersigned from Judge Jill Parrish in accordance with 28 U.S.C. 636(b)(1)(A).[1] Before the court is Defendant's motion to prohibit or limit the scope of Plaintiff's subpoenas.[2] The court heard oral argument on the matter May 16, 2019. Having considered the parties' arguments and their briefing, the court grants in part Defendant's motion.

Plaintiff Kyli Rodriguez-Cayro brings this suit against her father Narciso Alejnadro Rodriguez-Cayro, asserting claims surrounding alleged sexual abuse that continued for many years.[3] Defendant seeks to modify three subpoenas Plaintiff intends to serve, or in the case with one subpoena, already served. Prior to the court's hearing, Plaintiff served a modified subpoena upon Stevens and Lee, who is Defendant's former employer.[4] Plaintiff notified Defendant's counsel that the subpoena was being served and did so due to discovery deadlines that are fast

---

[1] ECF No. 23.

[2] ECF No. 67.

[3] *See* Amended Complaint, ECF No. 16-5.

[4] ECF No. 77.

approaching. The other two subpoenas at issue are one to AOL seeking emails using certain search terms and another to Cumberland County Children and Youth Services (CCYS).

Under Rule 26(c) Defendant seeks to prohibit or limit the scope of the three subpoenas. Federal Rule of Civil Procedure 45(d)(3), which pertains to the quashing or modifying of a subpoena, provides:

> (3) Quashing or Modifying a Subpoena.
>> (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>> (i) fails to allow a reasonable time to comply;
>> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>> (iv) subjects a person to undue burden.[5]

The court notes that it has a duty to not necessarily quash a subpoena, but if it is overbroad it can reduce the demand to "what is reasonable, considering the discoverer's needs and the discoveree's problems."[6]

I.  AOL Subpoena

Defendant, who is an attorney, has used AOL for both business and personal emails for more than 20 years. Defendant argues that Plaintiff's subpoena is overbroad as to "Nick's accounts" and also overbroad as to the proposed search terms. Defendant is also concerned that his email account contains privileged emails between him, other attorneys, prior employers, medical providers and clients. In addition, Defendant asserts the time periods for the requested emails is too broad. Plaintiff seeks emails from different time periods for certain individuals. For

---

[5] Fed. R. Civ. P. 45(d)(3).

[6] *Deithcman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556, 560 (7th Cir. 1984); *see also Flanagan v. Wyndham Int'l, Inc.*, 231 F.R.D. 98, 102 (D.D.C. Oct. 5, 2005) ("The quashing of a subpoena is an extraordinary measure and is usually inappropriate absent extraordinary circumstances.")

example, emails for the past six years are sought between Defendant and his current wife. And, nine years of emails is sought between Defendant and his ex-wife while they were married. Defendant argues many of these emails are personal and Plaintiff is seeking them to harass or embarrass Defendant.

In response, Plaintiff acknowledges that it will exclude any spousal communications between Defendant and his current wife or ex-wife. What Plaintiff seeks are emails that dispute Defendant's theory about bestiality and support her allegations of Defendants interest in sexual encounters between dogs, dogs and people. including allegations that Plaintiff was forced to engage in such conduct, and animal sex or pets having sex.

The court acknowledges the subject matter of this suit is sensitive in nature. During oral argument counsel for the parties was uncertain about the presence of a protective order in this matter. The court will order the parties to cooperate and enter such a protective order. As to the subpoena, the court finds some of the search terms are overbroad. For example, the term "sex" is simply too broad and will end up finding emails that are not relevant to the instant matter. However, if sex is more specifically connected to another word such as "petsex" or "pet sex" then the court will permit it. In similar fashion, the search term "dog" by itself needs further specificity. So for example, "dog and sex" together would be sufficient. The court will permit "porn", "fuck", "abuse", "Kyli", "petsex", "pet sex", "dog" and "sex" together. These terms are in the court's view, specifically related to the issues in this case.

Next, the court agrees with Defendant that the time frame of January 1, 2010 through March 1, 2019 is rather arbitrary and overbroad. Defendant argues his contact with Plaintiff ceased in 2014, so seeking emails long after that period is a fishing expedition. The court is persuaded that some time period after contact ended is needed for relevancy considerations

because of the possibility of discussing the abuse. So, the court will not entirely adopt Defendant's argument, but the court agrees that as written Plaintiff's subpoena is overbroad as to the time frame. After reviewing the matter, the court adds the following time restrictions. As to emails between Defendant and his current wife the years are restricted to 2013, 2014 and 2015. As to his ex-wife, the court finds a longer time frame is warranted, 2010 through 2015.

The court shares both parties' concerns about the searches potentially returning privileged communications between Defendant, attorneys at his law firm or former employment and client communications that Defendant engaged in. Defendant is to provide a list of email addresses that are to be excluded from the production of emails. Such email addresses are to be those of attorneys Defendant has worked with, former clients or emails that are readily identifiable as privileged. Defendant is cautioned to not make this so overbroad that it includes numerous accounts of individuals that are not verifiable attorneys. Defendant is to provide the list to Plaintiff within fourteen (14) days from the date of this order and those email addresses are to be excluded from the AOL searches.

Finally, the court is not persuaded that the term "Nick's accounts" is overbroad. If Defendant has more than one email account with AOL then it should be subject to the subpoena. Thus, this part of Defendant's motion will be granted in part.

II. Cumberland County Children and Youth Services Subpoena

Plaintiff seeks discovery from Cumberland County Children & Youth Services (CCYS). Specifically, Plaintiff seeks any "report, allegation, accusation, suggestion, or information of physical and/or sexual abuse, regardless of whether you ever believed it to be true or false"[7] for a number of individuals. These include: Defendant, Marnie who is Defendant's ex-wife, Plaintiff,

---

[7] Subpoena ECF No. 67-2 p. 5.

Devon who is the daughter of Defendant and Marnie and Zachary, the son of Defendant and Marnie. Prior to Plaintiff's subpoena, Defendant obtained an authorization from Plaintiff permitting the production of records from CCYS.[8] This request was for "any records related to Plaintiff" and CCYS responded that "no records exist."[9]

Defendant argues the subpoena is overbroad because it asks for information relating to others not Plaintiff. In contrast, Plaintiff argues the discovery is warranted because Defendant allegedly "abused each member of his immediate family" and these individuals made reports. The court is concerned that the CCYS is overbroad based on the record before it. There is no need at this time for discovery regarding Zachary or Devon. Discovery is broad at this stage of the litigation, but it is not without limits, including proportionality limits. The court will permit the subpoena to issue as to Defendant, Plaintiff and Defendant's ex-wife Marnie. Thus, this part of Defendant's motion will be granted in part.

III.     Stevens & Lee Subpeona

Stevens & Lee is Defendant's former employer. Plaintiff served an amended subpoena before the court's hearing. At oral argument Defendant's counsel stated that the harm and harassment has already been done by issuing the subpoena. Counsel also represented that Stevens & Lee is opposing the subpoena. Because Stevens & Lee is opposing the subpoena the court will not rule on Defendant's arguments against the subpoena. Instead, the court will leave those for resolution in the context of Stevens & Lee's objections.

---

[8] ECF No. 67-2, Ex. 2.

[9] Mtn. p. 3.

ORDER

For the foregoing reasons Defendant's motion is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that the parties are to meet and confer and submit to the court a proposed protective order governing discovery in this case.

IT IS SO ORDERED.

DATED this 20 May 2019.

*Brooke C. Wells*
Brooke C. Wells
United States Magistrate Judge