MELINDA A. MORGAN [8392]
ANNE T. FREELAND [12096]
MICHAEL BEST & FRIEDRICH, LLP
2750 E Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Telephone:  (801) 833-0500
Facsimile:  (801) 931-2500
Email: mamorgan@michaelbest.com
          atfreeland@michaelbest.com

*Attorneys for Defendant/Counterclaim-plaintiff Narciso A. Rodriguez-Cayro*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| KYLI RODRIGUEZ-CAYRO, an individual,<br><br>Plaintiff/Counterclaim-defendant,<br><br>v.<br><br>NARCISO ALEJANDRO RODRIGUEZ-CAYRO, an individual,<br><br>Defendant/Counterclaim-plaintiff. | **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY PORTION OF THE ORDER NARROWING SCOPE OF SUBPOENAS**<br><br>Case No. 2:17-cv-01197-JNP<br><br>Judge Jill N. Parrish<br>Magistrate Judge Brooke C. Wells |

Defendant Narciso ("Nick") Rodriguez-Cayro, by his undersigned counsel, hereby opposes Plaintiff's Motion to Modify Portion of Order Narrowing Scope of Subpoenas, ECF No. 84.

## RELIEF REQUESTED AND GROUNDS THEREFOR

Defendant requests the Court clarify its Order (ECF No. 83) regarding the timeframe for Plaintiff's request for emails between Defendant and his ex-wife Marnie to ensure protection of the spousal privilege.  Defendant also requests that the Court deny Plaintiff's request to expand

the timeframe set forth in the Court's order for emails between Defendant and his current wife Shelby in order to prevent Plaintiff's repeated attempts to engage in a fishing expedition.

## ARGUMENT

As a preliminary matter, Defendant notes that it is unclear from Plaintiff's motion what rule it is brought under and thus difficult for Defendant to determine the applicable legal standard or response requirements and timeframe. Based on the title and type of relief requested, Plaintiff's motion appears to be a one for relief from an order (under Rule 60) or for reconsideration (under Rule 54). Although the motion was e-filed using the "short form discovery motion" option, Plaintiff did not attempt to meet and confer with Defendant before filing, as required for DUCiv. R. 37-1 short form motions. Defendant therefore assumes that Plaintiff's motion to modify is a regular motion for relief from, or reconsideration of, an order.

Plaintiff did not address either the Rule 54 or Rule 60 standards and has not provided the Court with any argument to show her request to modify meets those standards.[1] It is unfortunate

---

[1] Rule 60(b) of Federal Rules of Civil Procedure provides the court with authority to grant relief from a final judgment, order or proceeding for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable;
    (6) any other reason that justifies relief.
Fed. R. Civ. P. 60(b). Relief under Rule 60(b), is "extraordinary and may only be granted in exceptional circumstances." *ClearOne Communs., Inc. v. Chiang*, 2009 U.S. Dist. LEXIS 62089, at *7 (D. Utah 2009) (citing *Yapp v. Excel Corp.,* 186 F.3d 1222, 1231 (10th Cir. 1999). Furthermore, "Rule 60(b) relief is not available to allow a party merely to reargue issues previously addressed to the court." *Id.*
    A motion to reconsider under Federal Rule of Civil Procedure 54(b) is warranted if there is: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Zisumbo v. Ogden Reg'l Med. Ctr.*, 2013 U.S. Dist.

that Plaintiff's counsel did not attempt to discuss his concerns with Defendant's counsel prior to filing the motion because Defendant agrees that clarification of the order is needed, and thus the parties may have been able to work the issue out without wasting the time and resources of the Court.

**A.      Modification of the Order is Necessary Because the Court Appears to Have Inadvertently Permitted a Timeframe for Emails Subject to the Marital Privilege between Marnie and Defendant**.

There are two sets of emails at issue here: 1) emails between Defendant and his ex-wife Marnie, and 2) emails between Defendant and his current wife Shelby.

Defendant's divorce from Marnie was finalized in August 2016 and Defendant married Shelby on August 27th, 2016.  Plaintiff's subpoena to AOL did not request any emails between Defendant and either Shelby or Marnie during the times he was married to those individuals.  As a result, the spousal privilege was not implicated.  The Court took note of this important fact in its Order, stating, "Plaintiff acknowledges that it will exclude any spousal communications between Defendant and his current wife or ex-wife." Order (ECF No. 83) at 3.

Plaintiff's AOL subpoena only requested emails between ex-wife Marnie and Defendant from "August 27, 2016 to March 2019," a timeframe after Marnie and Defendant were divorced and thus the marital privilege would not apply.  The Order (ECF No. 83) states that the subpoena may request emails between Defendant and Marnie from 2010 through 2015.  This appears to be a mistake, as the Court did not intend for emails subject to the spousal privileged to be produced, and Plaintiff never sought or requested emails between Defendant and Marnie within this time-

---

LEXIS 79849, at *2 (D. Utah 2013).  Thus, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. . . . It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

frame.  Therefore, Defendant requests clarification from the Court on that portion of the order.  Whatever the time-frame ultimately allowed by the Court, it should not begin until after August 2016, when Marnie and Defendant were divorced, so as to not invade the spousal privilege.

**B.      Plaintiff's Request to Expand the Timeframe for Emails Between Defendant and his Current Wife Shelby Should be Denied.**

The Court's order directed the emails between Defendant and his current wife, Shelby, to be limited to the years 2013, 2014, and 2015.  There appears to be no error in this portion of the ruling, as the Court found that the timeframe in the original subpoena was "rather arbitrary and overbroad," an intended to limit it.  Order at 3.  If the Court is inclined to grant Plaintiff's request to adjust this timeframe, it should be adjusted to begin 2011 and end 2013 at most, as this would more than cover the relevant time period during which, according to Plaintiff's allegations, the videos involving dogs were sent (which is Plaintiff's purported basis for requesting these emails).  Expanding the request beyond those years simply amounts to a fishing expedition and unwarranted invasion of Defendant and Shelby's privacy.

## CONCLUSION

Defendant respectfully requests that the Court limit the timeframe for emails between Defendant and his ex-wife Marnie to begin after their divorce in August 2016 in order to protect the spousal privilege.  Defendant also requests that the Court deny Plaintiff's request to expand the timeframe set forth in the Court's order for emails between Defendant and his current wife Shelby.

DATED this 7th day of June 2019.

**MICHAEL BEST & FRIEDRICH, LLP**

/s/ Melinda A. Morgan
*Attorneys for Defendant/Counterclaim Plaintiff*
*Nick Rodriguez-Cayro*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of June 2019, I caused a true and correct copy of the foregoing document to be served by ECF upon the following:

Victor Sipos at victor@siposlaw.com
*Attorney for Plaintiff/Counterclaim-defendant*
*Kyli Rodriguez-Cayro*

/s/ Melinda A. Morgan
*Attorneys for Defendant/Counterclaim-plaintiff*
*Narciso Alejandro Rodriguez-Cayro*

5