IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KYLI RODRIGUEZ-CAYRO,<br><br>Plaintiff,<br>v.<br><br>NARCISO ALEJANDRO RODRIGUEZ-CAYRO,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO TRANSFER VENUE**<br><br>Case No. 2:17-cv-01197-HCN-PMW<br><br>District Judge Howard C. Nielson, Jr.<br><br>Chief Magistrate Judge Paul M. Warner |

District Judge Howard C. Nielson, Jr., referred this matter to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendant Narciso Alejandro Rodriguez-Cayro's ("Defendant") Motion to Transfer Venue.[2] Pursuant to DUCivR 7-1(f), the court elects to determine the present motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. Having reviewed the parties' briefs and the relevant law, the court renders the following Memorandum Decision and Order.[3]

---

[1] *See* docket no. 93.

[2] *See* docket no. 81.

[3] As a threshold matter, the court addresses its authority under 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b). The Tenth Circuit has held that "[m]otions not designated on their face as one of those excepted in [§ 636(b)(1)(A)] are nevertheless to be treated as such when they have an identical effect." *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988)). A number of courts have held that a motion to transfer venue does not have a dispositive effect, even if granted. *See, e.g., Berentsen v. Titan Tech. Partners, Ltd.,* No. 08-cv-02415-MSK-KMT, 2009 WL 122564, at *1 (D. Colo. Jan. 15, 2009) (holding that a motion to transfer venue was not dispositive in nature because "if granted, it simply would move this litigation from one court to another"); *Vanmeveren v. Int'l Bus. Machs. Corp.*, No. 03-1145-JTM, 2005 WL 3543179, at *2 (D. Kan. Dec. 27, 2005) (holding that defendants' motion seeking an intra-district transfer from Wichita to Kansas City was not dispositive because such a transfer would not

## BACKGROUND

Plaintiff Kyli Rodriguez-Cayro ("Plaintiff") is a resident of Utah. Defendant is Plaintiff's father and resides in Pennsylvania. On June 23, 2017, Plaintiff filed a lawsuit against Defendant in the Third Judicial District Court of Utah alleging Defendant committed multiple acts of sexual abuse against her throughout her childhood and adolescent years in Pennsylvania, New Hampshire, Florida, and Utah.[4] In April 2011, Plaintiff's parents entered her into a residential treatment facility in Utah where she resided until July 2012.[5] Plaintiff alleges Defendant committed two acts of child sexual molestation against her in Utah during this time period.[6]

On August 14, 2017, Defendant moved to dismiss the claims for lack of personal jurisdiction.[7] On November 9, 2017, the Third District Court denied Defendant's motion to dismiss in its entirety and held that "the tortious acts plaintiff alleges occurred in states other than Utah are related to the tortious acts [Pl]aintiff alleges happened in Utah," and therefore, Utah's exercise of personal jurisdiction over Defendant is proper.[8]

On November 14, 2017, Defendant removed the case to this court.[9]

---

prevent any party from pursuing its claims or banish either party from federal court). In light of the foregoing case law, the court treats the instant motion to transfer venue as seeking non-dispositive relief.

[4] *See* docket nos. at 16-1, 16-5 at 2–9.

[5] *See* docket nos. 16-5 at 2–3, 81-1 at 3, 15–18.

[6] *See id*.

[7] *See* docket no. 16-2.

[8] Docket no. 16-3 at 2.

[9] *See* docket nos. 1, 16.

Subsequently, Defendant motioned for the court to transfer this case to the Middle District of Pennsylvania.[10] Defendant alleges that the Middle District of Pennsylvania is the more convenient forum because: (1) the majority of purported abuse occurred in Pennsylvania; (2) the primary witnesses are located in Pennsylvania or within the compulsory power of the Middle District of Pennsylvania; (3) costs of making the necessary proof are lower in Pennsylvania; (4) obstacles to receiving a fair trial in Utah; and (5) advantage of having a local court determine questions of local law.[11]

Plaintiff counters that her choice of forum should remain undisturbed because Defendant has failed to meet his burden to demonstrate the balance of relevant factors tips strongly in favor of transfer.[12] Plaintiff argues that the incidents of abuse that occurred in Utah are part of an ongoing series of abuse which occurred in other states.[13] Additionally, Plaintiff contends Defendant has not demonstrated the quality and materiality of the testimony his witnesses will provide.[14]

---

[10] *See* docket no. 81 at 7–15.

[11] There are several factors that are not at issue. In particular, Defendant has not raised any issues concerning the enforceability of judgment if one is obtained or any conflict of law concerns. In addition, both parties contend their respective choice of venue offers a less congested docket to resolve the case. However, the court concludes that these arguments do not weigh in favor of either party.

[12] *See* docket no. 88 at 2–3.

[13] *See id.*

[14] Additionally, Plaintiff argues that Defendant's venue motion is untimely. However, § 1404(a) allows transfer to occur "at any time during the pendency of the case, even after judgment has been entered." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991).

## DISCUSSION

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." To satisfy section 1404(a), the moving party must establish two prerequisites. *See RES-NV, LLC v. Rosenberg*, No. 2:13CV00115DAK, 2013 WL 3548697, at *2 (D. Utah July 11, 2013). First, the moving party must establish that the transferee court is a forum in which the action could have been originally brought. *See Chrysler Credit Corp.,* 928 F.2d at 1515. ("[Section] 1404(a) does not allow a court to transfer a suit to a district which lacks personal jurisdiction over the defendants, even if they consent to suit there."). Second, the moving party "bears the burden of establishing that the existing forum is inconvenient." *Id.* It is undisputed that this action might have been brought in the District of Pennsylvania. Therefore, the court is left to determine whether Defendant has met its burden to demonstrate that the District of Utah is inconvenient.

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Id.* at 1515–16 (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). To determine whether a forum is inconvenient and transfer proper, the court weighs a number of factors, including:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

4

*Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967). "[U]nless the balance is strongly in favor of the movant[,] the plaintiff's choice of forum should rarely be disturbed." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167–68 (10th Cir. 2010) (citation omitted). The party moving to transfer a case pursuant to section 1404(a) bears the burden of establishing that the existing forum is inconvenient. *See Chrysler Credit Corp.*, 928 F.2d at 1515.

### A. Plaintiff's Chosen Forum

Plaintiff's brief places much emphasis on the deference afforded to the plaintiff's choice of forum. Generally, a plaintiff's choice of forum is entitled substantial weight in determining whether transfer is appropriate. *See Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992). "However, a plaintiff's choice of forum is afforded less deference when their choice of forum has little connection with the operative facts of the lawsuit." *Rosenberg*, 2013 WL 3548697, at *3 (citation and quotations omitted).

Plaintiff's choice of forum would ordinarily weigh against transferring; however, a significant and substantial portion of the facts giving rise to this case occurred in Pennsylvania. Plaintiff alleges her father sexually abused her from the time she was 3 years old until she was 16 years old, approximately.[15] Plaintiff primarily resided in Pennsylvania throughout her child and adolescent years.[16] Plaintiff temporarily resided at a residential treatment facility in Utah when

---

[15] *See* docket nos. 16-5 at 2–3, 81-1 at 5–18.

[16] *See* docket no. 81-1 at 3–6.

5

she was 15 years old before transferring to a different treatment facility in New Hampshire.[17] Plaintiff contends she was sexually abused by her father "hundreds of times" throughout her "childhood and teenage years;"[18] and alleges two incidents of child sexual molestation took place in Utah when Defendant came to visit her.[19] While these two alleged offenses connect the subject matter of this case to Utah, the court cannot ignore the fact that a profuse amount—and indeed some of the most egregious—of the sexual abuse allegations occurred in Pennsylvania. Accordingly, the court finds the facts giving rise to this case have minimal connection with Utah, and thus, awards less deferential weight to Plaintiff's choice of forum.

## B. Accessibility of Witnesses

The second, and most important factor to be weighed is the accessibility and convenience of witnesses. *See Employers Mut. Cas. Co.*, 618 F.3d at 1169 ("The convenience of witnesses is the most important factor in deciding a motion under § 1404(a).") (citation omitted); *see also Palace Expl. Co. v. Petroleum Dev. Co.*, 316 F.3d 1110, 1121–22 (10th Cir. 2003) (limiting its consideration of the section 1404(a) factors to the location of the witnesses).

To demonstrate a venue is inconvenient to witnesses, "the movant must (1) identify the witnesses and their locations; (2) indicate the quality or materiality of their testimony; and (3) show that any such witnesses were unwilling to come to trial and that deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary." *Employers Mut. Cas. Co.*, 618 F.3d at 1169 (citation and quotations omitted).

---

[17] *See* docket nos. 16-5 at 2–3, 81-1 at 3.

[18] Docket no. 81-1 at 6–7.

[19] *See* docket nos. 16-5 at 2–3, 81-1 at 3.

Defendant argues this factor weighs in favor of transfer, as nearly all of the non-party witnesses for Defendant and Plaintiff reside in Pennsylvania, not Utah. Also, the court can not compel non-party witnesses to participate in hearings, depositions, or trials if this action remains in the District of Utah. The court agrees.

Defendant identifies seven non-party witnesses who reside in Pennsylvania, one who resides in Maryland, one who resides in Delaware, and one who resides in Ohio. In her initial disclosures, Plaintiff identifies five non-party witnesses who reside in Pennsylvania, one who resides in Delaware, and one who resides in South Carolina. The only individual residing within this District of Utah is Plaintiff herself. Moreover, all the non-party witnesses are beyond the reach of the subpoena power of this court and the unavailability of compulsory process could significantly prejudice Defendant. *See* Fed. R. Civ. P. 45(c)(1) (providing that a subpoena may command a person to attend a trial, hearing or deposition within 100 miles of where the person resides or within the state of where the person resides and would not incur substantial expense); *see also Millennium Cryogenic Techs., Ltd. v. Weatherford Artificial Lift Sys., Inc.,* No. 11-CV-01971-WJM-CBS, 2012 WL 1015786, at *3 (D. Colo. Mar. 23, 2012) (noting that availability of compulsory process weighs in favor of transfer).

Defendant has sufficiently detailed the significance of his witnesses' anticipated testimony and provided declarations from eight of his ten witnesses stating they would be unwilling to travel to Utah. While deposition testimony may be presented at trial, it would be unfair to force Defendant to present a significant portion of his case by deposition, especially given the nature of the claims. Accordingly, the accessibility and convenience of witnesses weighs strongly in favor of transfer.

### C. Cost of Making the Necessary Proof

This factor also weighs in favor of transfer. If the case remains in Utah, all non-party witnesses and Defendant would have to travel a significant distance to testify and would likely have to stay overnight. In contrast, nearly all the witnesses live in Pennsylvania, and therefore travel and cost would not be an issue. Moreover, for those witnesses that reside outside of Pennsylvania, they would have to travel a much shorter distance and are geographically close enough to the Middle District of Pennsylvania that an overnight stay may not be necessary.

### D. Other Factors

The likely application of Pennsylvania law weighs in favor transfer. Utah's conflict of law rules dictate that Utah will apply the law of the state with the most significant relationship to the underlying action. *See Records v. Briggs,* 887 P.2d 864, 867 (Utah Ct. App. 1994). As has been discussed above, the majority of operative facts took place in Pennsylvania. Accordingly, Pennsylvania likely has the most significant relationship to the underlying action, and a Pennsylvania court is better suited than a Utah court to handle issues dealing with the application of Pennsylvania law.

Additionally, given the clear connection between Pennsylvania and the facts of this lawsuit, the court concludes that the residents of Pennsylvania have the greatest interest in the resolution of this case. *See Bailey v. Union Pac. R.R. Co.*, 364 F. Supp. 2d 1227, 1233 (D. Colo. 2005) ("Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. . . . There is a local interest in having localized controversies decided at home.").

## CONCLUSION AND ORDER

After reviewing all the relevant factors, the court concludes that Defendant has demonstrated that the present forum is inconvenient and that transfer to the Middle District of Pennsylvania is warranted and will promote the interests of justice. Therefore, Defendant's Motion to Transfer Venue[20] is GRANTED.

The Clerk of Court shall transfer this case to the Middle District of Pennsylvania for further proceedings in that forum if Plaintiff fails to file an objection pursuant to Fed. R. Civ. P. 72(a) within fourteen (14) days of being served with a copy of this Order or unless otherwise directed by the district judge.

DATED this 3rd day of October, 2019.

BY THE COURT:

_____
PAUL M. WARNER
Chief United States Magistrate Judge

---

[20] *See* docket no. 81.